UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                          Chapter 13

Ebony L. Gresham,                      Case No. 18-56289

      Debtor.                              Hon. Phillip J. Shefferly
_____/

## OPINION REGARDING APPLICATION OF THE HAVEN ACT TO THE DEBTOR'S PROPOSED PLAN MODIFICATION

### Introduction

This matter concerns an amendment made to the Bankruptcy Code on August 23, 2019. On that date, Public Law No. 116-52, 133 Stat. 1076, titled Honoring American Veterans in Extreme Need Act ("HAVEN Act"), became law. The issue before the Court is whether the HAVEN Act applies to a proposed plan modification in a Chapter 13 case in which a plan was confirmed before the HAVEN Act became law. For the reasons explained in this opinion, the Court holds that it does.

### Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L), and (O), over which the Court has jurisdiction under 28 U.S.C. § 1334(a).

## Facts

The following facts are not in dispute.

Ebony Gresham ("Debtor") filed this Chapter 13 case on December 4, 2018. At the time she filed this case, the Debtor had a steady job with stable income. In addition, the Debtor received monthly disability benefits from the Department of Veterans Affairs ("VA") as a result of a combat-related injury that the Debtor suffered while serving in the United States military. On March 27, 2019, the Court confirmed the Debtor's plan. The plan required the Debtor to pay her mortgage directly and required bi-weekly payments of $300.00 to her plan. The plan provided for a 100% distribution to the holders of unsecured claims.

On October 29, 2019, the Debtor filed a proposed plan modification ("Plan Mod") (ECF No. 40) to reduce her plan payments to $250.00 bi-weekly and to reduce the distribution to holders of unsecured claims. On November 19, 2019, the Chapter 13 Trustee filed an objection ("Objection") (ECF No. 44). Among other issues, the Trustee noted in the Objection that the Debtor's amended schedules filed in support of the Plan Mod now deduct $1,789.00 of monthly VA disability benefits from the Debtor's disposable income, even though those benefits had not previously been deducted from the calculation of the Debtor's disposable income used to fund her plan payments.

- 2 -

18-56289-pjs    Doc 62    Filed 03/10/20    Entered 03/10/20 15:45:54    Page 2 of 16

The Court scheduled a hearing on the Plan Mod and Objection, which was adjourned by agreement of the parties until January 16, 2020. At the adjourned hearing, the Debtor and the Trustee told the Court they had resolved all of the issues in the Objection, with one exception: whether the HAVEN Act applies "retroactively."

The Debtor argues that the HAVEN Act applies "retroactively" to bankruptcy cases that were filed prior to the date that the HAVEN Act became law. According to the Debtor, this means that the Debtor's VA disability benefits must be excluded from the calculation of the Debtor's "current monthly income" under § 101(10A) of the Bankruptcy Code. Therefore, the Debtor's VA disability benefits are not part of her "projected disposable income" for purposes of § 1325(b) of the Bankruptcy Code, and need not be contributed to the Debtor's plan. The result is that the Plan Mod, which does not contribute the Debtor's VA disability benefits to her plan, may be approved.

The Trustee argues that the HAVEN Act does not apply "retroactively" to cases — like this one — where a Chapter 13 plan was already confirmed prior to the date that the HAVEN Act became law. According to the Trustee, this means that the Debtor may not now propose a plan modification that does not include her VA disability benefits as part of her "projected disposable income." The result is that the Plan Mod must be denied.

Because the application of the HAVEN Act is an issue of first impression for the Court, the Court set a deadline for the Debtor and the Trustee to brief the issue. The Debtor and the Trustee filed timely briefs and the issue is now ready for decision.

## Discussion

### The HAVEN Act

Section 101(10A) was added to the Bankruptcy Code by BAPCPA in 2005 to define the term "current monthly income." It starts by casting a wide net to include "the average monthly income from all sources that the debtor receives," but then lists a number of express exclusions, including Social Security benefits, payments to victims of war crimes or crimes against humanity, and payments to victims of international or domestic terrorism. Current monthly income — or "CMI" as it is commonly referred to — is important to individual debtors in bankruptcy cases on a number of issues including: whether it is an abuse under § 707(b) to grant a debtor a Chapter 7 discharge; whether a plan may be confirmed under § 1129(a)(15) for a debtor in a Chapter 11 case; and whether a plan may be confirmed under § 1325(b) for a debtor in Chapter 13. Simply put, CMI is the building block in every bankruptcy case for determining the amount of disposable income of every individual debtor in a bankruptcy case.

The HAVEN Act provides a substantial benefit to veterans who file bankruptcy by adding an express exclusion to CMI for certain compensation, pension, pay, annuity, or allowance paid "in connection with a disability, combat-related injury or disability,

or death of a member of the uniformed services." The legislative history to the HAVEN Act reflects Congress's desire to "make sure our bankruptcy system is serving our veterans," who "deserve an opportunity to get back on their feet with dignity." 165 Cong. Rec. H7215-01, 2019 WL 3307644 (July 23, 2019) (statement of Rep. McBath). The HAVEN Act accomplishes this by treating VA benefits the same as Social Security benefits by excluding them from CMI and, therefore, from an individual debtor's projected disposable income.

Does the HAVEN Act apply only to new cases filed after its
<u>passage, or does it also apply to cases pending at the time of its passage?</u>

Before turning to the issue framed by the Debtor and the Trustee — whether the HAVEN Act applies "retroactively" to this case — the Court must first determine whether it applies *at all* to this case, either prospectively or "retroactively."

The HAVEN Act does not state whether it applies only to new cases filed after August 23, 2019 or whether it also applies to cases that were filed before that date. The legislative history to the HAVEN Act is also silent on this question.

However, the Supreme Court has set forth principles that inform federal courts about what law to apply to their decisions in the absence of direction from Congress. In <u>Bradley v. School Board of Richmond</u>, 416 U.S. 696, 711 (1974), the Supreme Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or

- 5 -

18-56289-pjs    Doc 62    Filed 03/10/20    Entered 03/10/20 15:45:54    Page 5 of 16

or death of a member of the uniformed services." The legislative history to the HAVEN Act reflects Congress's desire to "make sure our bankruptcy system is serving our veterans," who "deserve an opportunity to get back on their feet with dignity." 165 Cong. Rec. H7215-01, 2019 WL 3307644 (July 23, 2019) (statement of Rep. McBath). The HAVEN Act accomplishes this by treating VA benefits the same as Social Security benefits by excluding them from CMI and, therefore, from an individual debtor's projected disposable income.

Does the HAVEN Act apply only to new cases filed after its
<u>passage, or does it also apply to cases pending at the time of its passage?</u>

Before turning to the issue framed by the Debtor and the Trustee — whether the HAVEN Act applies "retroactively" to this case — the Court must first determine whether it applies *at all* to this case, either prospectively or "retroactively."

The HAVEN Act does not state whether it applies only to new cases filed after August 23, 2019 or whether it also applies to cases that were filed before that date. The legislative history to the HAVEN Act is also silent on this question.

However, the Supreme Court has set forth principles that inform federal courts about what law to apply to their decisions in the absence of direction from Congress. In <u>Bradley v. School Board of Richmond</u>, 416 U.S. 696, 711 (1974), the Supreme Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or

legislative history to the contrary." This principle suggests that the HAVEN Act applies to any CMI decision that the Court makes after August 23, 2019, regardless of the date of filing of the case in which such decision is made, absent manifest injustice or contrary legislative history.

The Trustee does not identify, and the Court is not aware of, any manifest injustice that will result from bankruptcy courts immediately applying the HAVEN Act to all CMI decisions, without regard to whether those cases were filed before or after August 23, 2019. Nor is there any contrary legislative history. If anything, the legislative history that does exist strongly suggests that there will be a manifest injustice if the HAVEN Act is not immediately applied to the Court's CMI decisions in all cases, given the stated congressional intent to "correct" the Bankruptcy Code's "obvious inequity" in failing to exclude VA benefits from CMI in the same way as Social Security benefits are excluded. 165 Cong. Rec. H7215-01, 2019 WL 3307644 (statement of Rep. McBath).

Further, application of the HAVEN Act to all cases — regardless of when filed — is consistent with the policy of the Judicial Conference. On October 1, 2019, Official Forms 122A-1, 122B, and 122C-1 were all amended to reflect the change to CMI under § 101(10A) made by the HAVEN Act. Lines 9 and 10 of each of these forms now expressly exclude VA benefits from CMI. The Judicial Conference requires use of these Official Forms as of October 1, 2019 for all cases, not just cases filed after

the passage of the HAVEN Act. The Official Forms make no distinction based on the date of filing the case.

To the extent that the Trustee argues that the HAVEN Act only applies to the decisions that the Court makes in cases filed after August 23, 2019, the Court rejects such argument. The Court knows of no manifest injustice that will result if the HAVEN Act is applied to the decisions that the Court makes after August 23, 2019 in cases that were already pending on August 23, 2019. There is nothing in the HAVEN Act, the legislative history to it, or the Official Forms that implement it, to support the proposition that the HAVEN Act only applies to cases that are filed after the passage of the law.

Bradley dictates that the Court apply the HAVEN Act to the decision that the Court must now make in this case — whether to approve the Plan Mod or sustain the Objection — because the HAVEN Act is the law in effect at the time that the Court will render its decision.

## Does the HAVEN Act apply "retroactively?

The Trustee argues in the Objection that the Court cannot apply the HAVEN Act to the Plan Mod and the Objection without violating the presumption against "retroactivity" recognized by the Supreme Court.

For support of their respective arguments on "retroactivity," the Debtor and the Trustee both start with Landgraf v. USI Film Products, 511 U.S. 244 (1994), in which the Supreme Court explained that statutory "retroactivity" is disfavored.

> [T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."

Landgraf, 511 U.S. at 265 (quoting Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 855 (1990)) (footnote omitted).

"When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules." Landgraf, 511 U.S. at 280. Absent an "express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would [i] impair rights a party possessed when he acted, [ii] increase a party's liability for past conduct, or [iii] impose new duties with respect to transactions already completed." Id. "If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result." Id.

18-56289-pjs    Doc 62    Filed 03/10/20    Entered 03/10/20 15:45:54    Page 8 of 16

In their arguments regarding "retroactivity," neither the Debtor nor the Trustee contend that "retroactive" application of the HAVEN Act would increase any party's liability for past conduct or impose new duties on any party with respect to transactions already contemplated. Instead, both the Debtor and the Trustee focus on whether a "retroactive" application of the HAVEN Act would impair the rights that a party possessed when they acted — the first of the three inquiries required by the Supreme Court in Landgraf.

The Debtor posits that her unsecured creditors are the "party" for purposes of this inquiry but argues that they only "possess" a "right" to a distribution under a Chapter 13 plan that is equal to what they would receive in a Chapter 7 liquidation, and no more. According to the Debtor, they do not "possess" a "right" to be paid out of a debtor's VA benefits, either in or outside of a bankruptcy. Therefore, "retroactive" application of the HAVEN Act does not impair any right that they had in the Debtor's bankruptcy case.

The Trustee responds that the Debtor's unsecured creditors do "possess" a "right" — the right to rely on the Debtor's schedules I and J that she filed when she requested confirmation of her plan. Further, the Trustee argues that the Debtor's unsecured creditors acted on that right by not objecting to confirmation of the Debtor's plan. Because the Debtor's confirmed plan was based on schedules that included the Debtor's VA benefits in disposable income, and provided her unsecured creditors with

- 9 -

18-56289-pjs    Doc 62    Filed 03/10/20    Entered 03/10/20 15:45:54    Page 9 of 16

a 100% distribution, to now apply the HAVEN Act "retroactively" would impair the rights of those unsecured creditors who otherwise could have objected to confirmation of the Debtor's plan if they knew then that the Debtor would later try to pull her VA benefits out of the calculation of her disposable income.

On this point — whether the HAVEN Act applies "retroactively" to confirmation of the Debtor's plan — the Court agrees with the Trustee. When the Debtor sought and obtained confirmation of her plan, the Trustee and her unsecured creditors had no reason to object because the plan provided for a 100% distribution predicated on the Debtor's schedules I and J that included her VA benefits in her calculation of disposable income available to fund her plan. That was consistent with the law defining CMI at that time. To now go back and apply the HAVEN Act "retroactively" to hold that the Debtor's CMI at the time of confirmation of her plan excluded her VA benefits — and therefore vitiates confirmation of the Debtor's plan[1] — is fundamentally unfair because the time has long passed for the Debtor's unsecured creditors to object to confirmation of her plan. The right of those unsecured creditors to object to confirmation would be impaired by a "retroactive" application of the HAVEN Act to confirmation of the Debtor's plan. Therefore, under Landgraf,

---

[1] The Debtor has not filed a motion for relief from the confirmation order under Fed. R. Civ. P. 60, which is incorporated in Fed. R. Bankr. P. 9024.

- 10 -

18-56289-pjs    Doc 62    Filed 03/10/20    Entered 03/10/20 15:45:54    Page 10 of 16

"retroactive" application of the HAVEN Act to confirmation of the Debtor's plan is not permitted.

The Debtor makes two other arguments in support of the "retroactive" application of the HAVEN Act, but neither are persuasive. The first is that the HAVEN Act's change to the definition of CMI is procedural rather than substantive. The Debtor notes that <u>Landgraf</u> recognized that changes in procedural rules rather than substantive law do not raise the same concerns about "retroactivity." According to the Debtor, the HAVEN Act is a procedural change only, much like a change to a rule. The second argument is that the HAVEN Act merely corrects a statutory drafting error in the definition of CMI and, therefore, should be applied "retroactively."

Changing the definition of CMI to exclude VA benefits marks a significant, substantive change in the law as to who is eligible to obtain bankruptcy relief. While the revision to the Official Form that recognizes this change may be procedural in nature, the change in the law of CMI that is made by the HAVEN Act is anything but. And even though the legislative history to the HAVEN Act explains that its purpose is to correct an "obvious inequity" in the treatment of VA benefits as compared to Social Security benefits, the Debtor points to no statement in the HAVEN Act or its legislative history to suggest that there was some error in the original drafting of the definition of CMI in § 101(10A) that needed to be corrected. Enacting a law to codify a policy to

- 11 -

eliminate an inequity is not the same as changing a law to correct a drafting error in the text of an existing law.

The Court concludes that there is no basis to deviate from <u>Landgraf</u>'s presumption against "retroactivity" by applying the HAVEN Act "retroactively" to confirmation of the Debtor's plan.

### Does the HAVEN Act apply to the Debtor's proposed plan modification?

To recap, the Court holds that the HAVEN Act applies to all CMI decisions made by the Court after August 23, 2019 regardless of the date of filing of the case. And the Court also holds that the HAVEN Act does not apply "retroactively" to upset confirmation of the Debtor's plan. However, neither of these holdings address whether the HAVEN Act applies to the Plan Mod and the Objection. Stated another way, the real issue before the Court is not whether the HAVEN Act applies "retroactively" to confirmation of the Debtor's plan — it does not — but whether the change in the law made by the HAVEN Act provides sufficient grounds to modify the Debtor's plan.

Section 1327(a) of the Bankruptcy Code provides that a confirmed plan is binding on the debtor and each creditor of the debtor. Despite the plain res judicata effect of this provision, § 1329 of the Bankruptcy Code provides that a plan may be modified after confirmation. Section 1329(a) provides that "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the

plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim . . . ." Section 1329(a) goes on to describe how a plan may be modified, for example, to "increase or reduce the amount of payments." Significantly, § 1329 is silent on what showing must be made to modify a confirmed plan.

The Sixth Circuit Court of Appeals has not articulated a standard for determining whether a plan may be modified under § 1329, although it has recognized that bankruptcy courts have discretion to approve or reject post-confirmation plan modifications. Jodway v. Fifth Third Bank (In re Jodway), 719 Fed. Appx. 502, 504 (6th Cir. Jan. 5, 2018) (finding no abuse of discretion where the bankruptcy court denied the modification because the proposed modification was futile).

As explained by the District Court for the Eastern District of Michigan in James C. Warr & Associates, LLC v. Ruskin (In re Mallari), No. 12-11599, 2012 WL 4855180, at *6, n.4 (E.D. Mich. Oct. 9, 2012), there is a split in the case law as to what is required for a post-confirmation modification.

> On the one hand, the Fourth Circuit has adopted the view that, to obtain a post-confirmation modification under § 1329(a), the debtor must show a "substantial and unanticipated change" in financial condition. See In re Murphy, 474 F.3d 143, 149 (4th Cir. 2007) ("[T]he doctrine of res judicata prevents modification of a confirmed plan pursuant to § 1329(a)(1) or (a)(2) unless the party seeking modification demonstrates that the debtor experienced a 'substantial' and 'unanticipated' post-confirmation change in his financial condition.").

On the other hand, the First, Fifth, and Seventh Circuits have held that no such showing is necessary.  See Matter of Witkowski, 16 F.3d 739, 746 (7th Cir. 1994) (holding that "the clear and unambiguous language of § 1329 negates any threshold change in circumstances requirement and clearly demonstrates that the doctrine of res judicata does not apply"); Barbosa v. Solomon, 235 F.3d 31, 41 (1st Cir. 2000) (rejecting the "substantial and unanticipated change" standard as "not contemplated by the statute"); In re Meza, 467 F.3d 874, 877-78 (5th Cir. 2006) (agreeing with Witkowski and Barbosa).  See also 7 William L. Norton, Jr., Norton Bankruptcy Law & Practice § 150:2 (3d ed. 2012) (noting circuit split).

The Sixth Circuit Bankruptcy Appellate Panel has taken a lenient approach and held that there is no requirement of an unanticipated or substantial change in circumstances for a plan modification under § 1329.  See Ledford v. Brown (In re Brown), 219 B.R. 191, 195 (B.A.P. 6th Cir. 1998) ("Although the court may properly consider changed circumstances in the exercise of its discretion, § 1329 does not contain a requirement for unanticipated or substantial change as a prerequisite to modification.").  However, the Sixth Circuit Bankruptcy Appellate Panel has also held that "§ 1327 precludes modification of a confirmed plan under § 1329 to address issues that were or could have been decided at the time the plan was originally confirmed.  The practical impact of this conclusion is that modification under § 1329(a) will be limited to matters that arise post-confirmation."  Storey v. Pees (In re Storey), 392 B.R. 266, 272 (B.A.P. 6th Cir. 2008) (citing Cline v. Welch (In re Welch), No. 97-5080, 1998 WL 773999, at *2 n.1 (6th Cir. Oct. 11, 1998)).

In this case, the Plan Mod is not based on any factual change in the Debtor's circumstances — such as a loss of job, or increased expenses for a medical condition. Here, the Plan Mod is based on a change in the law made by the HAVEN Act after the Debtor confirmed her plan. However, if applied to the calculation of the Debtor's CMI for purposes of the Plan Mod, it would obviously have a substantial impact on the Debtor's financial circumstances by excluding $1,789.00 of VA benefits each month. The passage of the HAVEN Act and its change in the definition of CMI is not something that the Debtor or the Trustee could have anticipated when the Debtor's plan was confirmed. It could not have been litigated at the confirmation hearing, as it only became law post-confirmation. The change that it works is not something that the Debtor somehow contrived to get out from under the terms of her confirmed plan. And there's nothing unfair to the Debtor's creditors about now applying the HAVEN Act to the Plan Mod going forward, as all of those creditors have been given notice and none have objected.

The Court holds that the HAVEN Act provides a legitimate reason for a modification — sufficient under § 1329 and the case law in the Sixth Circuit — to the Debtor's plan for its duration. To hold otherwise would be to shackle the Debtor going forward to a policy — requiring the inclusion of VA benefits in CMI — that Congress has expressly rejected as an "obvious inequity." And to what end? If the Plan Mod is not approved, the Debtor could voluntarily dismiss this case under § 1307(b) and file a

new case with no question about the applicability of the HAVEN Act to her CMI, but with more legal fees and delay to erode any distribution to creditors and a fresh start for the Debtor.

## Conclusion

The HAVEN Act applies to the Plan Mod. However, the Court's holding that the HAVEN Act applies to the Plan Mod does not necessarily mean that the Plan Mod is approved. The Plan Mod must meet all of the requirements of § 1329(b)(1). That subsection states that § 1322(a), § 1322(b) and § 1323(c), and "the requirements of section 1325(a)" all apply to a plan modification under § 1329(a). By the time of the hearing on January 16, 2020, the Debtor and the Trustee told the Court that they had resolved all of the issues raised by the Plan Mod and the Objection — save the legal issue of the application of the HAVEN Act. If that remains the case, the Debtor and the Trustee shall submit an order approving the Plan Mod. If there are any remaining open issues under the Objection, the Debtor and the Trustee shall notify the Court and the Court will schedule a hearing on those issues. In the meantime, the Court will enter a separate order consistent with this opinion.

**Signed on March 10, 2020**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**